## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

MCG Business Solutions, Inc.
                    *Plaintiff*
    v.

MCG Computer Services, LLC and
Marilyn Gullette
                    *Defendants*

CIVIL ACTION NO.

***JURY TRIAL DEMANDED***
Judge
Magistrate

### COMPLAINT

Plaintiff, MCG Business Solutions, Inc. (the "Plaintiff"), by and through undersigned counsel, for and as its Complaint against Defendants, MCG Computer Services, LLC and Marilyn Gullette (the "Defendants"), alleges as follows:

### NATURE OF THE CASE

1.   This is an action for trademark/service mark infringement under the Lanham Act, 15 U.S.C. § 1501, *et seq.,* the Alabama Trademark Act, Ala. Code § 8-12-6, *et seq.,* and the common law. This action also seeks relief from unfair competition under Alabama's deceptive trade practices statute, Ala. Code § 8-19-5, and the Alabama common law.

2.   Plaintiff seeks to protect its registered service mark, MCG BUSINESS SOLUTIONS (the "Mark"), from Defendants MCG COMPUTER SERVICES, LLC and MARILYN GULLETTE's illegal past and future acts of infringement and unfair competition through their continued use of confusingly similar trade names and trademarks/service marks and to prevent further confusion and reputational and other harm to Plaintiff.

3.   Plaintiff has done business as MCG Business Solutions since at least as early as 2006. Plaintiff purchased its www.mcgnow.com domain name in 2001.

4.   In 2006, Plaintiff began using the MCG BUSINESS SOLUTIONS mark in commerce as a trademark/service mark and trade name for its computer and information technology consulting, sales, and service company. It has since continuously used the MCG BUSINESS SOLUTIONS mark in intrastate and interstate commerce.

5.   Plaintiff registered its MCG BUSINESS SOLUTIONS mark with the Alabama Secretary of State and received Registration No. 114-206. Plaintiff has never abandoned the MCG BUSINESS SOLUTIONS mark. Plaintiff has attached its registration hereto as Exhibit A.

6.   Additionally, Plaintiff has applied to register its MCG BUSINESS SOLUTIONS mark with the United States Patent and Trademark Office ("PTO"). Plaintiff has attached its application hereto as Exhibit B.

7.   Plaintiff is known colloquially as simply "MCG." Plaintiff's customers and the general consuming public commonly refer to Plaintiff as MCG and seek out Plaintiff's services by looking for the MCG initials.

8.   Upon information and belief, Defendants have and continue to use confusingly similar marks and designations, including MCG COMPUTER SOLUTIONS and MCG COMPUTER SERVICES, in connection with their computer sales and service business. Defendants' use of the confusingly similar marks on its storefront, in its advertising and marketing materials, and on its social media has and is likely to create consumer confusion and has and/or is likely to cause reputational and other harm to Plaintiff.

9.   In 2013, Defendants began operating as MCG COMPUTER SOLUTIONS in connection with their Mobile, Alabama-based computer repair and sales business.

10. Immediately upon learning of Defendants' infringing mark, Plaintiff, through

counsel, contacted Defendants in writing on August 12, 2013 in an effort to resolve any future dispute arising out of Defendants' unlawful use of its confusingly similar mark. Plaintiff received no response from Defendants following the August 12, 2013 letter.

11. Although Defendants did not respond to Plaintiff's letter, Defendant began operating as MCG COMPUTER SERVICES, a slight variation on its initial MCG COMPUTER SOLUTIONS mark, following the August 12, 2013 letter.

12. Attempting to resolve this dispute without litigation, Plaintiff sent a second letter to Defendants on January 9, 2013 explaining that while Plaintiff appreciated the name change, both MCG COMPUTER SOLUTIONS and MCG COMPUTER SERVICES are confusingly similar to Plaintiff's MCG BUSINESS SOLUTIONS mark.

13. Defendants again ignored this correspondence and continued to use the infringing marks in commerce. Plaintiff is consequently forced to seek relief from this Court.

## THE PARTIES

14. Plaintiff, MCG Business Solutions, Inc., is an Alabama corporation with its principal place of business at 1956-J University Boulevard, Suite 298, Mobile, Alabama 36609. Plaintiff is a full service local computer, network, and telephony support business serving southern Alabama, western Florida, and southern Mississippi. Plaintiff has continuously operated as MCG Business Solutions since at least as early as 2006.

15. Upon information and belief, Defendant Marilyn Gullette, an individual, resides in Mobile, Alabama and is the principal of Defendant MCG Computer Services, LLC.

16. Upon information and belief, Defendant MCG Computer Services, LLC is a sole proprietorship owned and operated by Defendant Marilyn Gullette. Although the Defendant holds itself out as a limited liability company (LLC), there is no record of

MCG Computer Services, LLC as a domestic or foreign entity listed with the Alabama Secretary of State. Plaintiff has thus named the principal of the sole proprietorship in her individual capacity as a Defendant.

17. Defendant MCG Computer Services, LLC's principal place of business is 51 N. Broad Street, Mobile, Alabama 36602. Defendant operates a second location at the Mobile Flea Market in Booth 416/417, Row D at 401 Schillinger Road North, Mobile, Alabama 36608.

18. Plaintiff is informed and believes, and upon such good basis alleges, that at all times herein mentioned, each of the Defendants was an agent, servant, employee, and/or joint venture of each of the other Defendants, and was at all times acting within the course and scope of said agency, service, employment, and/or joint venture.

## JURISDICTION AND VENUE

19. Jurisdiction is proper in this Court because this litigation arises under the Lanham Act, 15 U.S.C. § 1051, *et seq*. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because they are so related to Plaintiff's Lanham Act claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

20. The acts and transactions complained of in this Complaint occurred as a result of Defendants' use of the confusingly similar marks MCG COMPUTER SERVICES and MCG COMPUTER SOLUTIONS in connection with its computer repair and sales business in the State of Alabama and within this judicial district.

21. All Defendants, either directly or through their agents, are believed to reside in Alabama and/or transacted business in the State of Alabama and within this judicial

4

district, as more specifically set forth below, and expected or should have reasonably expected their acts to have consequences in the State of Alabama and within this judicial district.

22. Venue is proper because a substantial part of the events giving rise to the claims herein occurred in this judicial district, including the operation of Defendants' business under the confusingly similar marks.  Defendants' improper use of the MCG COMPUTER SOLUTIONS and MCG COMPUTER SERVICES marks has created and will continue to create confusion among consumers and has caused and will continue to cause reputational and other harms to Plaintiff in the State of Alabama and this judicial district.

## FACTUAL ALLEGATIONS

23. Plaintiff, MCG BUSINESS SOLUTIONS, INC., was founded in 2006 and incorporated in 2009. Since its inception, Plaintiff has committed to being the market leader by consistently delivering outstanding business and technology solutions. Plaintiff serves clients across several states, including Alabama, Mississippi, and Florida.

### The State Registered MCG BUSINESS SOLUTIONS Mark

24. On February 14, 2014, the State of Alabama granted Plaintiff a service mark registration for MCG BUSINESS SOLUTIONS. Plaintiff received Registration No. 114-206. Plaintiff's registration is attached hereto as Exhibit A and incorporated herein by this reference.

### The USPTO Application

25. On January 6, 2014, Plaintiff applied to register its MCG BUSINESS SOLUTIONS mark with the U.S. Patent and Trademark Office (the "PTO").

26. Plaintiff's federal application, which received Serial Number 86158331, is currently pending with the PTO. The application is attached hereto as Exhibit B and incorporated herein by reference.

27. Plaintiff has offered its services under the MCG BUSINESS SOLUTIONS mark for approximately eight years and the mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality services, and its goodwill.

28. Through the MCG BUSINESS SOLUTIONS mark, Plaintiff has become associated in consumers' minds as one of the Gulf Coast's most reputable and premium information technology companies. As a result, the MCG BUSINESS SOLUTIONS mark and its associated goodwill are some of Plaintiff's most important assets.

**Defendants' Willfully Infringing Actions**

29. Plaintiff is informed and believes, and on that basis alleges, that Defendant, as a competitor and Mobile, Alabama neighbor, has been familiar with Plaintiff and its MCG BUSINESS SOLUTIONS mark for years.

30. Notwithstanding Plaintiff's well-known and prior rights in its MCG BUSINESS SOLUTIONS mark, Defendants began deliberately, willfully, and maliciously operating under the confusingly similar marks MCG COMPUTER SOLUTIONS and MCG COMPUTER SERVICES. A photo of Defendants' N. Broad St. location, which bears one of the confusingly similar marks, is attached hereto as Exhibit C.

31. Plaintiff is rightfully concerned regarding consumer confusion between its business and the Defendants' business. Plaintiff has worked hard to establish its

reputation and build the goodwill associated with MCG BUSINESS SOLUTIONS.

32. As shown by the attached Craigslist posting, attached hereto as Exhibit D, Defendants offer substandard services and threaten the goodwill associated with Plaintiff's industry leading standards. One of Defendants' customers was dissatisfied enough to post on Craigslist that the Defendants' company is "a complete ripoff" and "should be run out of business." Accordingly, Plaintiff is left with no choice but to either suffer consumer confusion with Defendants' business or pursue legal action.

**FIRST CAUSE OF ACTION**
**False Designation of Origin in Violation of the Lanham Act**
**15 U.S.C. § 1125(a)**
**(Against All Defendants)**

33. Plaintiff hereby incorporates and re-alleges paragraphs 1-32 of the Complaint as though fully set forth herein.

34. Plaintiff possesses a valid mark entitled to protection under the Lanham Act.

35. Plaintiff's MCG BUSINESS SOLUTIONS mark is distinctive, unique, and strong.

36. Defendants have never been authorized to use Plaintiff's MCG BUSINESS SOLUTIONS mark.

37. Notwithstanding Plaintiff's well-known and prior rights in its Mark, Defendants, long after Plaintiff had established rights in the Mark, began deliberately, willfully, and maliciously advertising and doing business under the confusingly similar names of MCG COMPUTER SOLUTIONS and MCG COMPUTER SERVICES.

38. Defendants' use of the confusingly similar marks constitutes false association and false designation of origin. Specifically, Defendants' false representations are likely to and/or have caused confusion and mistake as to the origin of its services and as to the

origin of Plaintiff's services.  Consumers are likely to believe Plaintiff is associated or affiliated with and/or approves of Defendants' goods and/or services.

39. Defendants' use in interstate commerce, including Alabama, of the MCG COMPUTER SOLUTIONS and MCG COMPUTER SERVICES marks in connection with their computer sales and service company is an infringement of Plaintiff's MCG BUSINESS SOLUTIONS mark in violation of 15 U.S.C. § 1125(a).

40. Defendants' acts of infringement are deliberate, willful, malicious, and have been committed with a reckless disregard for their likelihood to cause confusion and mistake.

41. Plaintiff has respectfully requested, on more than one occasion, that Defendants cease and desist from their infringing acts but Defendants have ignored these requests.

42. Plaintiff has no adequate remedy at law, is suffering, and/or has suffered irreparable harm and damages as a result of the aforementioned acts of Defendants.

## SECOND CAUSE OF ACTION
### Trademark/Service Mark Dilution in Violation of 15 U.S.C. § 1125(c)
### (Against All Defendants)

43. Plaintiff hereby incorporates and re-alleges paragraphs 1-42 of the Complaint as though fully set forth herein.

44. Plaintiff's Mark is "famous" within the meaning of the Trademark Dilution Revision Act of 2006.

45. Defendants' use of the confusingly similar MCG COMPUTER SOLUTIONS and MCG COMPUTER SERVICES marks has diluted and will continue to dilute the distinctive and famous quality of Plaintiff's Mark in violation of 15 U.S.C. § 1125(c).

46. Defendants' use of the confusingly similar MCG COMPUTER SOLUTIONS and MCG COMPUTER SERVICES marks in connection with their computer sales and

service business came long after Plaintiff's Mark was first used and long after it had become famous.

47. As a result of Defendants' use of the confusingly similar MCG COMPUTER SOLUTIONS and MCG COMPUTER SERVICES marks, Plaintiff has and will continue to suffer damages to its business, reputation, and goodwill, as well as the loss of sales and profits which Plaintiff would have made but for Defendants' acts and which has resulted in profits to Defendants.

48. Unless and until enjoined and restrained by order of this Court to cease use of the confusingly similar MCG COMPUTER SOLUTIONS and MCG COMPUTER SERVICES marks, Defendants will continue to cause great and irreparable injury to Plaintiff. Customers and potential customers will associate Defendants and their products with Plaintiff. The goodwill and reputation Plaintiff has established in its MCG BUSINESS SOLUTIONS mark will be cheapened and tarnished.

49. Plaintiff has no adequate remedy at law for Defendants' dilution of Plaintiff's Mark and is thus entitled to injunctive relief.

### THIRD CAUSE OF ACTION
**Trademark/Service Mark Infringement in Violation of Ala. Code § 8-12-16**
**(Against All Defendants)**

50. Plaintiff hereby incorporates and re-alleges paragraphs 1-49 of the Complaint as though fully set forth herein.

51. Plaintiff possesses a valid, Alabama registered service mark entitled to protection under Alabama's trademark and service mark law, Ala. Code § 8-12-6, *et seq*.

52. Plaintiff's MCG BUSINESS SOLUTIONS mark is distinctive, unique, and strong.

53. Defendants have never been authorized to use Plaintiff's MCG BUSINESS SOLUTIONS mark.

54. Notwithstanding Plaintiff's well-known and prior statutory and common law rights in its Mark, Defendants, long after Plaintiff had established rights in the Mark, began deliberately, willfully, and maliciously advertising and doing business under the confusingly similar names MCG COMPUTER SOLUTIONS and MCG COMPUTER SERVICES.

55. Defendants' use, without Plaintiff's consent, of its confusingly similar marks in connection with a business and/or with the sale, offering for sale, and advertising of goods and services has and/or is likely to cause confusion or mistake or to deceive as to the source of origin of the goods/services.

56. Defendants took such actions with knowledge that its marks were intended to cause confusion, mistake, or to deceive.

57. Defendants' use in interstate commerce, including Alabama, of the MCG COMPUTER SOLUTIONS and MCG COMPUTER SERVICES marks in connection with their computer sales and service company is an infringement of Plaintiff's MCG BUSINESS SOLUTIONS mark in violation of Ala. Code § 8-12-16.

58. Defendants' acts of infringement are deliberate, willful, malicious, and have been committed with a reckless disregard for their likelihood to cause confusion and mistake.

59. Plaintiff has respectfully requested, on more than one occasion, that Defendants cease and desist from their infringing acts but Defendants have ignored these requests.

60. Plaintiff has no adequate remedy at law, is suffering, and/or has suffered irreparable harm and damages as a result of the aforementioned acts of Defendants.

**FOURTH CAUSE OF ACTION**
**Trademark/Service Mark Dilution in Violation of Ala. Code § 8-12-17**
**(Against All Defendants)**

61. Plaintiff hereby incorporates and re-alleges paragraphs 1-60 of the Complaint as though fully set forth herein.

62. Plaintiff possesses a valid, Alabama registered service mark entitled to protection under Alabama's trademark and service mark law, Ala. Code 8-12-6, *et seq*.

63. Plaintiff's MCG BUSINESS SOLUTIONS mark is distinctive, unique, and strong.

64. Plaintiff's MCG BUSINESS SOLUTIONS mark is famous and widely recognized by a significant geographic area within the State of Alabama as a designation of the source of Plaintiff's goods and services.

65. Notwithstanding Plaintiff's well-known and prior statutory and common law rights in its Mark, Defendants, long after Plaintiff had established rights in the Mark, began deliberately, willfully, and maliciously advertising and doing business under the confusingly similar names of MCG COMPUTER SOLUTIONS and MCG COMPUTER SERVICES.

66. Defendants' use of the infringing MCG COMPUTER SOLUTIONS and MCG COMPUTER SERVICES marks began after Plaintiff's Mark had become famous.

67. Defendants' marks are likely to dilute the distinctive quality and character of Plaintiff's Mark in violation of Ala. Code § 8-12-17.

68. As a result of Defendants' actions, as set forth above, Plaintiff is likely to suffer, has suffered, and/or will continue to suffer injury to its business reputation as well as loss of sales and profits.

69. Unless and until enjoined and restrained by this Court, Defendants will continue to use the infringing marks and cause great and irreparable harm to Plaintiff. Customers and potential customers will associate Defendants and their goods and services with Plaintiff. The goodwill and reputation Plaintiff has established in its famous MCG BUSINESS SOLUTIONS mark will be cheapened and tarnished.

70. Defendants' acts of infringement are deliberate, willful, malicious, and have been committed with a reckless disregard for their likelihood to cause confusion and mistake.

71. Plaintiff has respectfully requested, on more than one occasion, that Defendants cease and desist from their infringing acts but Defendants have ignored these requests.

72. Plaintiff has no adequate remedy at law, is suffering, and/or has suffered irreparable harm and damages as a result of the aforementioned acts of Defendants.

**FIFTH CAUSE OF ACTION**
**Common Law Trademark/Service Mark Infringement**
**(Against All Defendants)**

73. Plaintiff hereby incorporates and re-alleges paragraphs 1-72 of the Complaint as though fully set forth herein.

74. Plaintiff's MCG BUSINESS SOLUTIONS mark is widely recognized by a significant geographic area within the State of Alabama and the Gulf Coast as a designation of the source of Plaintiff's goods and services.

75. Plaintiff has common law trademark/service mark rights in the MCG BUSINESS SOLUTIONS mark under Alabama law.

76. Defendants' use, without Plaintiff's consent, of its confusingly similar MCG COMPUTER SOLUTIONS and MCG COMPUTER SERVICES marks in connection with a business and/or with the sale, offering for sale, and advertising of services has

and/or is likely to cause confusion or mistake or to deceive as to the source of origin of the goods/services.

77. Defendants' use of its confusingly similar marks to market their services in Alabama is an infringement of Plaintiff's common law trademark/service mark rights in its MCG BUSINESS SOLUTIONS mark.

78. Defendants' acts of infringement are deliberate, willful, malicious, and have been committed with a reckless disregard for their likelihood to cause confusion and mistake.

79. Plaintiff has respectfully requested, on more than one occasion, that Defendants cease and desist from their infringing acts but Defendants have ignored these requests.

80. Plaintiff has no adequate remedy at law, is suffering, and/or has suffered irreparable harm and damages as a result of the aforementioned acts of Defendants.

**SIXTH CAUSE OF ACTION**
**Violation of the Alabama Deceptive Trade Practices Act**
**Ala. Code §§ 8-19-5, 8-19-10**
**(Against All Defendants)**

81.  Plaintiff hereby incorporates and re-alleges paragraphs 1-80 of the Complaint as though fully set forth herein.

82. Defendants' use, without Plaintiff's consent, of the confusingly similar MCG COMPUTER SOLUTIONS and MCG COMPUTER SERVICES marks in connection with a business and/or with the sale, offering for sale, and advertising of services has and/or is likely to cause confusion or mistake or to deceive as to the source of origin of the goods/services.

83. By causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services, Defendants' actions, as set forth above, are in violation of Alabama's Deceptive Trade Practices Act, Ala. Code § 8-19-5.

84. By causing confusion or misunderstanding as to the affiliation, connection, or association with, or certification by another, Defendants' actions, as set forth above, are in violation of Alabama's Deceptive Trade Practices Act, Ala. Code § 8-19-5.

85. By engaging in other unconscionable, false, misleading, or deceptive acts or practices in the conduct of trade or commerce, Defendants' actions, as set forth above, are in violation of Alabama's Deceptive Trade Practices Act, § Ala. Code 8-19-5.

86. As a result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages and brings this action under Ala. Code § 8-19-10.

**SEVENTH CAUSE OF ACTION**
**Unjust Enrichment Under Common Law**
**(Against All Defendants)**

87. Plaintiff hereby incorporates and re-alleges paragraphs 1-86 of the Complaint as though fully set forth herein.

88. By virtue of the egregious and illegal acts of Defendants as described above, Defendants have been unjustly enriched in an amount to be proven at trial.

89. Defendants' retention of monies gained through its deceptive business practices, infringements, and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

1. That Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with Defendants be temporarily, preliminarily, and permanently enjoined from:

    a. Using MCG BUSINESS SOLUTIONS, MCG COMPUTER

14

SOLUTIONS, MCG COMPUTER SERVICES or any confusingly similar designation alone or in combination with other words, images, or motifs as a trademark, service mark, or trade name component, to market, advertise, or to identify Defendants' services or related products;

b.   Otherwise infringing Plaintiff's MCG BUSINESS SOLUTIONS mark;

c.   Unfairly competing with Plaintiff in any manner whatsoever; and

d.   Causing a likelihood of confusion or injury to the business reputation of Plaintiff and its marks;

2.   That Defendants account and pay over to Plaintiff all damages sustained by Plaintiff and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those damages be increased as provided by law under 15 U.S.C. § 1117(a);

3.   That Plaintiff recover its attorney's fees from Defendants;

4.   That Plaintiff be awarded compensatory, punitive, and exemplary damages in amounts to be determined according to proof at trial;

5.   That Plaintiff be awarded its costs as provided by 15 U.S.C. § 1117;

6.   An award of pre-judgment and post-judgment interest; and

7.   Such other relief as the Court deems just and proper.


## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in this matter.


Dated:   March 7, 2014

Respectfully submitted,

**ADAMSIP, LLC**

/s/ J. Hunter Adams
J. Hunter Adams (ASB-5289-J80Z)
354 ½ Dauphin Street
Mobile, Alabama 36602
(251) 289-9787
hunter@adamsiplaw.com
Attorney for Plaintiff